Filed 4/2/26  In re D.S. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re D.S. et al., Persons Coming Under the Juvenile Court Law. | B346344 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JAVIER S., <br><br> Defendant and Appellant. | (Los Angeles County Super. Ct. No. 24CCJP02986) |

APPEAL from an order of the Superior Court of Los Angeles County, Gabriela H. Shapiro, Juvenile Court Referee.  Affirmed as modified.

Liana Serobian, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Tracey Dodds, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

Defendant and appellant Javier S. (father) appeals from the final custody order (exit order) issued by the juvenile court upon the termination of dependency jurisdiction over his children, D.S. (born June 2011), S.S. (born May 2019), and J.S. (born Nov. 2023) (collectively minors).  (Welf. & Inst. Code, § 362.4.)[1]

We modify the exit order to clarify that the restriction placed on communication between father and minors' mother, N.D. (mother), is limited to custody and visitation matters.  As modified, we affirm.

## BACKGROUND

In November 2024, the juvenile court sustained three counts in a dependency petition filed by the Los Angeles County Department of Children and Family Services (DCFS) under section 300, subdivision (b)(1), based on father's history of and current abuse of methamphetamine and alcohol, father's possession of methamphetamine in minors' home, and a history of violent altercations between father and mother.  The court declared minors dependents of the court, removed them from father's custody, and placed them in mother's home under DCFS supervision.  The court granted father unmonitored visitation

---

[1]    All statutory references are to the Welfare and Institutions Code unless otherwise stated.

with D.S. and monitored visitation with S.S. and J.S. Father's case plan consisted of a full drug and alcohol program with aftercare, random and on-demand weekly drug testing, a 12-step program, a 52-week domestic violence program, parenting classes, and individual counseling.

In early May 2025, DCFS reported that father had failed to comply with any component of his court-ordered case plan, including failing to submit to scheduled drug tests. Father blamed his work schedule as a truck driver.

The juvenile court held a section 364 judicial review hearing on May 19, 2025. Over DCFS's objection, the court terminated its jurisdiction, finding that the conditions that justified the initial assumption of jurisdiction under section 300 no longer existed and were not likely to reoccur in the absence of supervision. Mother had provided "a safe home environment" for minors and did not present a risk to them. The court explained, however, that there was "absolutely zero legal basis" for it to release minors to father's custody, as father had demonstrated "absolutely zero compliance" with his case plan.

The juvenile court issued an exit order granting mother sole legal and physical custody of minors. The exit order permitted father to have unmonitored visitation with D.S. and monitored visitation with S.S. and J.S. a minimum of three times per week for three hours per visit. The court also ordered that father and mother could only communicate with each other through an electronic application that recorded conversations.

The exit order explained that father was restricted to supervised visitation with S.S. and J.S. because he had neither completed nor made substantial progress in his court-ordered

3

drug and alcohol abuse treatment programs, domestic violence treatment program for offenders, and individual counseling.

Father filed a timely notice of appeal from the exit order.

## DISCUSSION

Father contends that the juvenile court abused its discretion by granting mother sole legal custody, "overstepped" its jurisdiction by specifying the conditions under which the family court could modify the custody and visitation orders, and erred by ordering father and mother to communicate only through an electronic application.

### I. Sole Legal Custody to Mother

Section 362.4 "empowers the juvenile court, if it terminates its jurisdiction over a dependent minor, to issue 'an order determining the custody of, or visitation with, the child.' [Citation.]" (*In re C.W.* (2019) 33 Cal.App.5th 835, 862–863 (*C.W.*).) "When making a custody determination under section 362.4, 'the court's focus and primary consideration must always be the best interests of the child.' [Citations.]" (*In re T.S.* (2020) 52 Cal.App.5th 503, 513.) "An order granting a parent sole legal custody 'means that one parent shall have the right and the responsibility to make the decisions relating to the health, education, and welfare of a child.' [Citation.]" (*In re Marriage of Harris* (2004) 34 Cal.4th 210, 227.) Such an order does not terminate the other parent's parental rights nor does "it terminate [the other parent's] due process interest in parenting. [Citation.]" (*Ibid.*)

We review custody determinations in an exit order for an abuse of discretion. (*C.W.*, *supra*, 33 Cal.App.5th at p. 863.) We may not disturb the order "unless the court made an

4

' " ' "arbitrary, capricious, or patently absurd determination." ' " ' [Citation.]" (*Ibid.*)

The juvenile court did not abuse its "broad discretion to make custody orders" upon termination of jurisdiction when it granted mother sole legal custody of minors. (*In re Nicholas H.* (2003) 112 Cal.App.4th 251, 265, fn. 4.) Father failed to demonstrate compliance with any aspect of his court-ordered case plan. There was no evidence that father's methamphetamine and alcohol abuse or his tendency to engage in domestic violence had abated. Under these circumstances, the court could reasonably conclude that minors' interests were best served by granting sole legal custody to mother.

Relying on *In re N.M.* (2023) 88 Cal.App.5th 1090 (*N.M.*), father argues that the juvenile court failed to consider minors' "best interests and the love and bond they shared with father" and, instead, made custody determinations in order to punish father. *N.M.* does not aid father. In that case, a parent who had "never been deemed an offending parent" was denied physical custody of his children based on his failure to comply with a case plan despite the lack of any "evidence suggest[ing] that his drug use, lack of a parenting class, or visitation practices impacted the children in any way." (*Id.* at p. 1095.) The Court of Appeal reversed, explaining that "an exit order must serve the best interests of the children, not reward or punish one parent or another for failing to comply with the case plan." (*Ibid.*)

Here, in contrast to the parent in *N.M.*, father was an offending parent based on his history of and current abuse of methamphetamine and alcohol, possession of methamphetamine in minors' home, and history of domestic violence. And, unlike in *N.M.*, nothing in the record here suggests that the juvenile court

denied father legal custody as a punishment for his noncompliance or that the court failed to consider minors' best interests.

Father identifies nothing arbitrary, capricious, or patently absurd about the juvenile court's custody ruling.

## II.  Purported Limitations on Family Court's Authority

We review de novo father's argument that the juvenile court improperly limited the family court's authority to modify the custody and visitation orders.  (See *In re Dezi C.* (2024) 16 Cal.5th 1112, 1128 [question of law reviewed de novo]; *Bridget A. v. Superior Court* (2007) 148 Cal.App.4th 285, 301 [issue "concern[ing] the scope of the juvenile court's discretion . . . is a question of law"].)

Father is mistaken that the juvenile court "condition[ed] any future change in custody and visitation orders on father's completion of drug tests and other programs[.]"  The exit order's references to counseling and substance abuse and parenting programs explain *why* the court placed a supervision restriction on father's visitation with S.S. and J.S.  They do not impose any limitation on the family court's authority and discretion to modify custody and visitation orders if warranted.  (See § 302, subd. (d) [exit order may be modified in proceeding under Family Code section 3021 if the family "court finds that there has been a significant change of circumstances since the juvenile court issued the order and modification of the order is in the best interests of the child"].)

*In re Cole Y.* (2015) 233 Cal.App.4th 1444 is distinguishable.  In that case, the juvenile court expressly conditioned modification of an exit order on a parent's completion

6

of certain programs and counseling.  (See *id.* at pp. 1451, 1456.)
That did not occur here.

## III.  Restriction on Communication

Father contends that the exit order's requirement that
father and mother communicate only through an electronic
application that records conversations "was akin to a no-contact
and stay away . . . restraining order" and violated his federal
right to due process as well as sections 213.5 and 304.  We
disagree.  (See *In re Marriage of R.K. & G.K.* (2025)
113 Cal.App.5th 14, 22 [whether a party has been denied due
process is a question of law subject to de novo review].)

The exit order issued here is not a restraining order subject
to the requirements of sections 213.5 and 304.  It is " 'an order
determining the custody of, or visitation with, the child.'
[Citation.]" (*C.W.*, *supra*, 33 Cal.App.5th at p. 863.)  Read in that
context, the challenged provision merely requires father and
mother to communicate about custody and visitation in a manner
that provides an electronic record—a reasonable condition given
the juvenile court's jurisdictional finding that they had a history
of violent altercations.

Father does not argue that he lacked notice of the
section 364 judicial review hearing during which jurisdiction was
terminated and the exit order was issued.  We conclude that, as
required by due process, father was afforded both "notice that
[wa]s reasonably calculated to advise [him that] an action [wa]s
pending" and "an opportunity to defend."  (*In re Jasmine G.*
(2005) 127 Cal.App.4th 1109, 1114.)

To avoid any confusion about the scope of the exit order,
however, we will modify it by interlineation to specify that the

7

restriction on the parents' communication is limited to custody and visitation matters.

## DISPOSITION

We modify the May 19, 2025, exit order to add "as to all matters relating to custody and visitation" to item 13. As modified, the order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

GILBERT, J.*

We concur:

LUI, P. J.

RICHARDSON, J.

---

* Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.